## A. G. GALE v. GEO. W. LANCASTER.

1. BILL PROTESTED BEFORE DUE—JUDGMENT BY DEFAULT.—Action by the holder against the acceptors of a bill of exchange protested for non-payment. The bill and protest are filed with the declaration and are copied into the record, and show that the bill was presented and protested before it became due. There was issue joined, jury and verdict for plaintiff. In the absence of any bill of exceptions or anything in the record showing what, or whether any evidence was given to the jury in the case, the verdict and judgment will not be disturbed, whatever irregularities there may have been being cured by our statutes of jeofails. Rev. Code, art. 181.

2. PRACTICE—EVIDENCE.—Although the statute requires the writing sued on to be filed with the declaration, that does not make it a part of the declaration; nor does its being copied into it make it part of the record in a legal technical sense; and hence it cannot be considered as a part of the evidence.

3. PRESUMPTION IN SUPPORT OF VERDICT.—What may have been the evidence on the trial, or what questions may have arisen and been decided during its progress, the court cannot know, in the absence of all exceptions in the record, but it will be presumed that every fact essential to a verdict was proved before the jury.

4. SAME.—In an action at law where there has been a trial and verdict for plaintiff, if the defendant makes no motion for a new trial, the court will presume that sufficient evidence was before the jury to justify the verdict.

Error to the circuit court of Yazoo county. SHACKEL-FORD, J.

Plaintiff in error assigned the following errors:

1st. Because said check or draft sued on, had nine months from January 24th, 1861, to run, and was due October 28th, 1861, including three entire days of grace, and was protested for non-payment (it being excepted) on October 26th, 1861, two days prematurely, as shown by the notary's certificate of record, and hence plaintiff had no right of action against the drawer for non-payment, and the verdict and judgment was erroneous and invalid.

2d. Because it was error to allow a " certified copy " of the certificate of protest to be filed as part of the record in this case, and to go with the bill of exchange, declaration and plea to the jury, and become a part of the records thereof.

3d. Because it appears by said bill of exchange, and the indorsements thereon and the record, that plaintiff below had no title to the same, and that the proceeds thereof was, and is, in M. Belly, and that plaintiff below could not maintain this action.

4th. Because it does not appear, by any legal evidence, that defendant was liable on said bill of exchange, or the same was properly protested, or that he had legal notice of protest.

*Hudson & Nye,* for plaintiff in error.

It is shown by the certificate of the notary, and by the declaration of the plaintiff, that the bill sued on in this case was accepted, and protested for non-payment, on the 26th

October, 1861. The bill was drawn on the 24th of January, 1861, "at nine months." In the computation of time in such case, one day is "inclusive" and "one exclusive"—the bill not being made payable "on a specific future day," but generally nine months "after the date thereof." Nine months "after" its date, would fall on the 25th day of October, 1861; then follows the three "entire" days of grace attached by law to such paper—bringing it over 25th, 26th and 27th as days of grace, to the 28th October, 1861, for protest, if not paid by the acceptors. Chitty on Bills, (Amer. 11th ed.), 374, 378; 4 T. R., 141, 179; Marius, 76; Chitty on Bills, 379, and notes; ib., 395, 475, and notes, and authorities cited.

Ordinarily, this draft could only have been protested for non-payment on 28th October, 1861; but if that day had fallen on a Sunday, or a particular holiday, then on 27th October, 1861, the day before, but in no event on 26th of October, 1861, could said draft have been legally protested for non-payment. 1 Esp., 262. We refer also to authorities cited above. Had Sunday or a holiday fallen on the 28th of October, 1861, then protest on the 27th October, 1861, would have been proper; but if the 27th was on such a day, then the 28th was the day for the protest. We repeat again, that in no event or contingency could it have been protested on the 26th, the day after it was due, excluding grace.

As to the second error assigned, we have to say that the original protest certified by the notary, much less a merely "certified copy" thereof by the notary, is no part of the draft, and is not competent evidence in any case; it should not have been filed in the suit, permitted to go to the jury for any cause, or become a part of the record. The law provides the proper mode of proving protest, by a non-resident notary. The declaration shows that R. W. Etting & Co., resided in New Orleans, La., and on the 26th of October, 1861. See 3 How., 575; M. & S., 305.

As to the third point, the draft was payable to M. J. Cecil, indorsed by M. J. Cecil to N. J. Ray or order, and by N. J. Ray to M. Belly or order, placing the legal title in M. Belly

and not Geo. W. Lancaster; nor does M. Belly sue for the use of the present plaintiff below. It is clear the legal title is not in plaintiff, but M. Belly, and plaintiff cannot maintain the action. The declaration avers, that M. J. Cecil indorsed and delivered the bill to plaintiff, when the written evidence shows that Cecil indorsed it to Ray, and Ray to Belly; and their own notarial record, on page 3, shows it was protested at the request of M. Belly, the then holder of the draft, and protested as to the indorsers Cecil and Ray, as well as to the drawer and acceptors in behalf of Belly, the last indorsee and holder. See authorities cited above.

As to the fourth error assigned, we will not discuss it specially, being substantially embraced and discussed in the other points and authorities.

SIMRALL, J.:

Suit was brought by Lancaster against Gale, as the drawer of a bill of exchange. On the plea of the defendant, denying the allegations of the declaration, the cause was referred to the jury.

There is nothing before us, except such matter as constitutes the original record. Nothing was brought into it by bill of exceptions.

The objection made here, is, that the bill of exchange was presented for payment, and protested before it was due. If this be so, the drawer would be discharged.

We have nothing before us except the pleadings, writ, verdict and judgment.

What may have been the evidence on the trial, or what questions may have arisen and been decided on the trial, we know not. The bill of exchange and protest are copied into the record, but that does not make them part of it, in the legal technical sense. In Blackwell v. Reid & Co., 41 Miss., 103, it was said that, "although the statute requires a copy of the writing sued on, to be filed with the declaration, such filing does not make it a part of the declaration; and it cannot be referred to aid the pleading." The cause of action,

attempted to be disclosed in the declaration, though very imperfectly set out (so much as to be obnoxious to a demurrer), is, that the bill of exchange, when due, was presented to the acceptors, for payment, which was refused, and thereupon protested, and notice given. The plea put these facts in issue.

It can hardly be supposed that the plaintiff could have obtained a verdict, without proof of a presentment when due, and proper notice to the defendant, of the refusal to pay on such presentment. There is a clause in the statute of jeofails, Rev. Code, 508, art. 81, which seems to have been provided for just such cases of defective pleadings: " No judgment shall be stayed or reversed, for omitting the averment of any matter, without proving which, the jury ought not to have given such verdict;" and again: "For any other defect (besides those previously enumerated), whatsoever, in the declaration or pleading, whether of form or substance, which might have been taken advantage of by demurrer, and which shall not have been so taken advantage of." The jury could not have returned a verdict for the plaintiff, without proof of a proper demand of payment, refusal, and notice to the defendant. The declaration notified the defendant that he was pursued on his conditional contract, contingent on default in payment by the acceptors. The allegation of demand of the acceptors, is meagre, and would have been pronounced insufficient in demurrer. It is, " that the draft was not paid by the acceptors, at maturity." Only by inference, can it be deduced that the opportunity was offerded, by actual presentment. But the plaintiff could not have obtained a verdict, without proof of the fact.

By a fair and liberal interpretation of the statute of jeofails (which in its terms is very broad), this judgment can be sustained; the scope of the statute has reference to pleading and practice, and was designed to give to the successful party the benefit of his judgment, by disregarding sundry error, and irregularities, which might have been availed of, if male before verdict and judgment. They are not so broad, how-

VOL. II—27

ever, as that a verdict will cure an utter omission to state in pleading a cause of action. 1 Saunders, 228, note 1. As said by chief justice, in Wells v. Woodley, 5 How., 492, " There must be some duty, or obligation stated, which might be a good cause of action." In that case, the note became due, including days of grace, on the 29th of January, and not protested as averred in the declaration until 28th of following February, yet the verdict was sustained. See also, Grigsly v. Ford, 3 How., 190 ; Winn v. Levy, 2 How., 903. The same objection was made, as in this case. The judgment was by default against the indorser of the note ; the note fell due on the 14th February, 1837, " and was presented for payment March 2d after." The statute puts judgment by *non sum informatus* and *nil dicet* on the same footing as judgments on verdicts. The court say : " The count would have been bad on demurrer, but the defect would be cured by verdict," or " by judgment by default." The reason which underlies these conclusions, is that the defendant has been informed of the nature of the claim preferred against him, and should, before the verdict or the judgment, make his objections and defense, otherwise he will be concluded.

The plaintiff in error, had full opportunity in the circuit court to have assailed the declaration by demurrer, which would have insured its dismissal, or compelled a removal of the defects by amendment. And on the jury trial, he could have insured a verdict in his favor, if the creditor failed to prove a demand and notice, or, if dissatisfied with a verdict against him, he could have moved for a new trial, and brought the case into this court by bill of exceptions. We are averse to the consideration of questions made for the first time in this court, which were pretermitted in the court of original jurisdiction. Inasmuch as no application was made for a new trial, we must infer that sufficient evidence was before the jury, and that the verdict is right.

Let the judgment be affirmed.