No. 10,886.

## CONWAY v. DAY ET AL.

JUDGMENT.—*Mistake.*—*Record.* — *Correcting Clerical Error.* —*Evidence.*—A judgment, rendered in December, 1875, appeared by the record to have been rendered on a note dated in May, 1875, bearing interest at· ten per cent. per annum and waiving appraisement laws, but the judgment did not waive appraisement, nor was it made to bear ten per cent. interest as the statute then in force required. Upon motion to correct the record in these respects on account of clerical misprision,

*Held,* that the record alone was sufficient evidence to support the motion.

From the Huntington Circuit Court.

*J. B. Kenner, J. I. Dille, J. C. Branyan, C. W. Watkins* and *M. L. Spencer,* for appellant.

*L. P. Milligan,* for appellees.

HAMMOND, J.—This was a motion by the appellant to correct a judgment rendered at a former term of the court below in his favor, against the appellees.

It was claimed that the judgment should have borne interest at ten per cent., and have been collectible without benefit of appraisement laws; but that the clerk, by mistake, entered the judgment as bearing six per cent. interest only, and

without any order for its collection without relief from valuation or appraisement laws. In the first place, the court below held the appellant's motion insufficient, but upon appeal to this court the decision was reversed. *Conway v. Day*, 79 Ind. 318. On the case being remanded, the appellant's motion came up for hearing, and in support of it he introduced in evidence the record of the former case. His motion was overruled, to which ruling he excepted, and from this decision he has again appealed to this court.

It was shown by the record of the case in which the judgment was rendered, that the appellant's complaint was in two paragraphs. The first was based upon a promissory note executed by the appellees to the appellant May 13, 1875, for $2,500, payable five months after date at the Citizens Bank of Huntington, Indiana, with ten per cent. interest from date until paid, waiving valuation laws. The second paragraph of the complaint alleged the sale and delivery of a horse by the appellant to the appellees on May 13, 1875, for $4,000. The appellees answered, admitting the execution of the note and the purchase of the horse, alleging that at the time of the purchase they paid the appellant $1,500 in money, and executed the note sued on for the residue in full payment for the horse, and stating facts showing a failure of consideration. The case was tried by a jury, who returned a verdict for the appellant for $2,670.83, being eighty cents more than was then due on the note. The appellant remitted eighty cents, and judgment was rendered in his favor December 9, 1875, for $2,670. The judgment as entered by the clerk bore but six per cent. interest, and contained no direction for its collection without benefit of appraisement.

We think it appears quite clearly from the record that the verdict and judgment were predicated upon the note declared upon in the first paragraph of the appellant's complaint. The note being without benefit of appraisement laws, the judgment should have been entered in the same manner. Section 15, 1 R. S. 1876, p. 636. By section 1 of the act of

February 5, 1873 (1 R. S. 1876, p. 600), which was in force when the note sued upon was executed and when the judg- ment thereon was rendered, judgments on contracts bore the same rate of interest as was expressed in the contracts on which they were rendered, which rate of interest was re- quired to be specified in such judgments.

There was an evident mistake in the appellant's judgment as entered by the clerk. It should have borne ten instead of six per cent. interest. It should also have contained an order for its collection without the benefit of valuation or appraisement laws. As the mistake is apparent from the rec- ord itself, without evidence *aliunde*, the appellant's motion should have been sustained. *Reily* v. *Burton*, 71 Ind. 118.

Reversed at appellees' costs, with instructions to sustain the appellant's motion, and by entry *nunc pro tunc* to correct the judgment as asked in said motion.

