Filed Feb. 3, 1887.

No. 13,221.

## DAY v. BOWMAN ET AL.

ATTORNEY'S LIEN.—*Assignment.—Judgment.*—The lien of an attorney for his fees is incident to the judgment to which it is attached, and is assignable.

SAME.—*Complaint to Enforce Lien.—Necessary Averments.*—Where it is sought to enforce the lien, the amount due for fees must be shown, either by stating a contract fixing the amount, or by averring the value of the services.

SAME.—*When Lien Must be Entered.*—The lien, to be effectual, must be entered at the time the judgment is rendered.

SAME.—*Sheriff's Sale.—Injunction.—Pleading.—Exhibit.*—A judgment debtor may enjoin a threatened sale of his property under a judgment which is paid, except as to the amount of liens for attorney's fees which he holds by assignment, and a copy of the assignment need not be filed with the complaint for injunction.

From the Wabash Circuit Court.

*B. M. Cobb, C. W. Watkins* and *J. D. Conner*, for appellant.
*J. H. Mellett, E. H. Bundy, J. Brown* and *W. A. Brown*, for appellees.

NIBLACK, J.—Complaint by Samuel F. Day against John W. Bowman, sheriff of Huntington county, William Conway and William H. Myers, in four paragraphs.

The first paragraph charged that, on the 11th day of April, 1876, the defendant Conway obtained a judgment in the Huntington Circuit Court against the plaintiffs and one Robert J. Day and the defendant Myers, for the sum of $2,670; that, on the 8th day of July, 1877, the defendants in that judgment appealed the cause to the Supreme Court; that, on the 20th day of December, 1878, said judgment was affirmed; that, on the 30th day of May, 1879, the said Conway commenced a suit to correct said judgment; that, on the 19th day of June, 1879, judgment in said proceedings was rendered against the said Conway; that, on the 8th day of March, 1882, said last named judgment was reversed by the Supreme Court; that, on the 23d day of January, 1883, the said suit to correct the first named judgment was again tried in the Huntington Circuit Court, and judgment was again rendered against the said Conway; that, on the 23d day of March, 1883, the said Conway again appealed to the Supreme Court where, on the 4th day of January, 1884, said last named judgment was reversed; that, on the 7th day of April, 1884, final judgment was rendered in the Huntington Circuit Court in favor of the said Conway in his suit for the correction of the original judgment; that during all of such litigation James C. Branyan, Charles W. Watkins, Maurice L. Spencer and George W. Stults were the duly employed and acting attorneys for the said Conway, and contributed their time, labor and skill, as well as incurred great expense, in conducting the various proceedings in his behalf; that when the first appeal herein above named was taken to the Supreme Court, the said Branyan and Watkins appeared and acted as attorneys in said court for the said Conway; that, on the 24th day of February, 1879, being the day on which the cause was returned to the Huntington Circuit Court from the Supreme Court, the said Branyan and Watkins entered in the order-book of said circuit court, opposite the judgment from which such appeal had been taken, a notice that they intended to hold a lien on said judgment for the sum

·of $500 for their services as attorneys concerning said judgment; that the said Stults had already, on the 11th day of April, 1876, the day on which it was rendered, entered on the record of such original judgment a notice of his intention to hold a lien on said judgment for the sum of $200 for .services in obtaining the same; that the said Branyan and Watkins and the said Spencer, on the 7th day of April, 1884, the day on which the judgment correcting the original judgment was rendered, entered on the record of such original judgment a notice of their intention to hold a lien on such judgment for the additional sum of $200 for services in obtaining a correction thereof; that the services performed by the said Branyan, Watkins and Spencer, were reasonably worth the aggregate sum of $700, and that all such attorneys' fees remained unpaid; that, on the 23d day of January, 1883, the said Watkins assigned to the said Spencer all his interest in the lien entered for the sum of $500; that, on the 25th day of March, 1885, the said Branyan and Spencer .assigned to the plaintiff, in writing, all their interest in the liens so held and controlled by them, and that, on the same day, the said Stults assigned to the plaintiff, in writing, his lien on the judgment in question; that, on the 3d day of January, 1885, Conway caused an execution to be issued upon the original judgment, rendered as stated, on the 11th day of April, 1876; that there was paid on such judgment, by the sale of the property of the defendants therein, the sum of $2,850; that the plaintiff has since paid the sum of $946.49 in money; that the plaintiff has also paid all the costs which have accrued in the cause; that the aggregate amount of the liens for attorneys' fees, so held and owned by the plaintiff, is more than sufficient to offset, pay and satisfy the balance due upon such judgment; that the said Conway has, notwithstanding, caused another execution on such judgment to be issued to the said Bowman, as sheriff of said county of Huntington, who had levied the same on cer-

tain described real estate belonging to the plaintiff. Wherefore an injunction was demanded.

The other paragraphs of the complaint stated substantially the same facts, except that the third paragraph averred that the respective attorneys for Conway entered on the proper records notices of their intention to hold liens for their fees on the judgments entered in his favor at the time such judgments were respectively rendered, and before the right of any third party had intervened, and that the services for which notices of liens had been so entered were worth the sums severally charged therefor.

In the Wabash Circuit Court, to which the cause was taken on a change of venue from Huntington county, Bowman and Conway severally demurred to each paragraph of the complaint for want of sufficient facts to entitle the plaintiff to any relief, and their demurrers were sustained to all the paragraphs. The plaintiff declining to plead further, final judgment was rendered against him on demurrer.

The only question, therefore, which this appeal presents is, was the complaint, or any of its paragraphs, sufficient as an application for an injunction to restrain the sale of the property levied on by Bowman as herein above set forth ?

As to the decisions of this court, referred to in the complaint, see the cases of *Myers* v. *Conway*, 62 Ind. 474 ; *Conway* v. *Day*, 79 Ind. 318 ; *Conway* v. *Day*, 92 Ind. 422.

The lien of an attorney for his fees is incident to the judgment to which it is attached, and is necessarily as much assignable as is the judgment to which it is incident. *Sibley* v. *County of Pine*, 31 Minn. 201 (17 N. W. Rep. 337).

The assignments of the attorneys' liens alleged in the several paragraphs of the complaint were not in any sense the foundation of this suit. They only constituted alleged facts to be proven at the trial, and hence there is no rule of practice which required copies of such assignments to be filed with the complaint.

In an action to enforce a lien in favor of an attorney, the

amount due for fees must be alleged, either by stating a contract fixing the amount, or averring the value of the services charged for. *Dunning* v. *Galloway,* 47 Ind. 182 ; *Adams* v. *Lee,* 82 Ind. 587.

There being no averment in the first paragraph of the complaint as to the value of the services performed by Stults, that paragraph was bad as to the lien held by assignment from Stults.

To make the lien of an attorney on a judgment effectual, it must be entered at the time the judgment is rendered. R. S. 1881, section 5276 ; *Blair* v. *Lanning,* 61 Ind. 499.

As has been seen, it was alleged in the first paragraph of the complaint, that Branyan and Watkins did not enter their first notice of lien until the 24th day of February, 1879, nearly three years after the judgment, to which it was intended to apply, was rendered ; hence the paragraph of complaint in question was also bad as to that alleged lien.

The third paragraph of the complaint having alleged that the notices of the liens were entered at the times the judgments to be thereby affected were respectively entered, and that the services performed were worth the amounts impliedly demanded by such notices of liens, we see no objection to its sufficiency upon demurrer, and therefore feel constrained to hold that the court below erred in sustaining the demurrer to that paragraph.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

Filed Feb. 4, 1887.