Statement of the case.

## M. E. HAMER ET AL. *v.* THOMAS RIGBY.

65   41
79   446

1. PRACTICE.  *Filing note with declaration.  Effect of.*

A promissory note sued on and filed with the declaration, thereby becomes a part of the record by virtue of § 1540, Code of 1880.  *Gale* v. *Lancaster*, 44 Miss. 413, distinguished.

2. PROMISSORY NOTE.  *Interest fixed to maturity of note.  Effect.*

A promissory note which stipulates for ten per cent. interest per annum "until maturity," will only draw the statutory rate after maturity.

3. SAME.  *Practice.  Effect of verdict to cure errors.  Case in judgment.*

And where such a note is declared on, and a verdict and judgment rendered for ten per cent. per annum after, as well as before, maturity, it cannot be assumed to support such verdict, that there was evidence tending to show a new promise to pay such rate after maturity, in the absence of an allegation in the declaration of such new promise.

4. SAME.  *Practice.  Effect of verdict to cure defective averments in declaration.  Section 1727, Code of 1880, considered.*

The statute, § 1727, Code of 1880, in providing that a verdict shall cure the omission of "the averment of any matter without which the jury ought not to have given such verdict," must be limited to averments necessary to make out the cause of action attempted to be set out in the declaration, and cannot be extended to embrace a new and distinct cause of action, even though connected in some way with that declared on.

APPEAL from the Circuit Court of Warren County.

HON. RALPH NORTH, Judge.

Thomas Rigby brought this action of assumpsit against M. E. Hamer and J. D. Mitchell.

The declaration was as follows: "For that whereas the said defendants heretofore, to wit, on March 2, 1882, made a promissory note in writing, bearing the day and date aforesaid, and thereby then and there promised to pay, nine months after the date thereof, to the said Thomas Rigby, plaintiff, or order, the sum of fifteen hundred dollars, with ten per cent. interest until maturity, for value received, and then and there delivered the said promissory note to said plaintiff (a copy of said note is herewith filed, marked Exhibit 'A'), by means whereof the said defendants then and there became liable to pay to the said plaintiff the said sum of money in the said

promissory note specified, according to the tenor and effect of the said promissory note, and being so liable, the said defendants promised," etc.

A copy of the note was annexed to the declaration as an exhibit, as follows :

"$1,500.                                        HURRICANCE, *March* 2, 1883.

· "Nine months after date we promise to pay to the order of Thomas Rigby, fifteen hundred dollars, with ten per cent. interest until maturity. Value received.

"J. D. MITCHEL,
"M. E. HAMER."

The defendants pleaded the general issue. The jury found for the plaintiffs the principal of the amount demanded, with ten per cent. interest from the date of the note until the verdict, October 26, 1886. Judgment was entered accordingly, with interest at ten per cent. per annum until paid. There was no bill of exceptions.

From this judgment the defendants appealed.

*Lea & McKee*, for the appellants.

It is submitted that the terms of the instrument limit the conventional rate of interest to the period of maturity. The note here is altogether different from that in *Meaders* v. *Gray*, 60 Miss. 400.

The legal rate governs the contract in the absence of a stipulated higher rate in writing. We have the written stipulation for a higher rate, but only for a fixed period, to wit, until maturity. Thereafter the legal rate attends. Such is the contract *as declared on.*

The Supreme Court of Wisconsin is in accord with this court on the doctrine announced in *Meader's* v. *Gray*. *Spencer* v. *Maxfield*, 16 Wis. 185; *Pruyn* v. *City of Milwaukee*, 18 Wis. 386.

In the later case of *Spaulding et al.* v. *Lord*, 19 Wis. 560, the instrument stipulated for a higher rate "until the time when the principal sum be payable."

The precise question then decided by the Wisconsin court is presented in this case, the language in the two instruments stipulating for interest being of exactly the same import. We do not perceive how any other satisfactory conclusion can be reached.

*Miller, Smith & Hirsh,* for the appellee.

This court will not reverse the judgment for any mistake in the sum of money awarded on the verdict of the jury. Section 1727, Code of 1880, expressly provides that judgments shall not be stayed or reversed after verdict for any mistake of the sum of money. This much on the assumption that there is a mistake.

But how can this court say there was any mistake on the part of the jury, and that there was no evidence before them to warrant a verdict such as was rendered by them?

*Non constat;* but that the note did not read with ten per cent. interest after maturity, or that the makers of the note, after maturity, promised in writing that if the appellee would grant them time they would pay interest at ten per cent. after maturity, and that this writing was produced before the jury, and was in evidence on the trial of the case.

The filing of the note with the declaration does not make it a part of the record. *Gale* v. *Lancaster,* 44 Miss. 413.

In the case cited in appellants' brief, the exceptions were made on the report of the referee, and the record showed exactly what was before the court below.

The verdict being presumed to be responsive to the evidence on the trial, and there being nothing in the record to contradict this presumption, if the judgment shall be reversed because it bears ten per cent. interest, then we have this strange sort of case. The presumption is conclusive that the verdict of the jury is correct, and the note, therefore, bore ten per cent. interest up to the time of the rendition of the verdict; but the judgment must bear six per cent., although the statute says that the judgment shall bear interest after the date of the debt on which the judgment was rendered.

We submit that this would be unreasonable, and that the judgment must stand as well as the verdict.

The defendants having been present by attorney at the trial, and having failed to take any bill of exceptions, this court cannot say that they did not admit or agree to the construction of the note, against which they here contend, touching the question of interest; and this court cannot say that as to the time interest should run,

etc., was not a case of spoliation by a stranger which was satisfactorily explained upon the trial.

CAMPBELL, J., delivered the opinion of the court.

The law is not now as it was when *Gale* v. *Lancaster*, 44 Miss. 413, was decided. Now the note when filed with the declaration is part of the record. Code, § 1540. By the express terms of the note it was to bear ten per cent. interest "*until maturity*," and it ceased to bear that rate at maturity.

Only by a new promise continuing the obligation to pay ten per cent. interest after maturity could a right to that rate exist. Such a new promise could not have been availed of under the declaration, and it cannot, therefore, be assumed, that there was any such evidence, and without it the verdict is wrong. If ten per cent. interest after maturity had been declared for, we would have assumed that there was evidence to sustain the demand, but the note is declared on according to its tenor and effect. The statute, § 1727 of the Code, in providing that a verdict shall cure the omission of "the averment of any matter without which the jury ought not to have given such verdict, must be limited to averments necessary to make out the cause of action attempted to be set out in the declaration, and cannot be extended to embrace a new and distinct cause of action, even though connected in some way with that declared on. Its purpose is to help out an imperfect statement of a cause of action, and not to introduce a distinct and independent one.

*Reversed.*