PANOLA COUNTY BANK v. J. O. NESSEN LUMBER CO.

[78 South. 516, Division A.]

1. APPEAL AND ERROR. *Introduction of evidence. Identification of exhibits.*

Where during the introduction of testimony, a contract was handed to the witness on the stand, and he was asked whether a third person had a contract with defendant to which he replied "yes" and the stenographer's note recites (plaintiff here offers in evidence a certain contract to witness) and to the question: "You are the one who made that contract?" the witness answered: "Yes." In such case the contract introduced in evidence was not sufficiently identified by the stenographer's notes.

2. Appeal and Error. *Record on appeal. Exhibits.*
Under Code 1906, section 735 (Hemingway's Code, section 518), so expressly providing, a contract attached to the declaration as an exhibit is made a part of the record on appeal.

3. Pleading. *Introduction of evidence. Contracts.*
Under Code 1906, section 1794 (Hemingway's Code, section 1634), providing that in suits founded on any written instrument set forth in the pleadings, it shall not be necessary to prove the signature or execution unless the same be specifically denied by a plea verified by oath, where in an action by an assignee upon a contract attached to the declaration, the execution thereof is not denied under oath, the contract need not be offered in evidence.

4. Pleading. *Complaint. Exhibits.*
In a suit by an assignee on a written contract for the sale of goods made up of separate items of shipment, it was not necessary to attach copies of the bills of lading of such shipments to the declaration. It was only necessary for the plaintiff to attach to his declaration the written contract which was the foundation of the suit, written evidence of various transactions under the contract were mere evidence of the performance of the contract and these evidences need not be attached to the declaration.

5. Pleading. *Complaint. Exhibits.*
In a suit on a written contract attached as an exhibit to the declaration, where the evidence showed shipments of goods on defendant's written orders, it was not necessary to attach copies of such orders to the declaration, since such orders were merely evidence of the matters pleaded and not the foundation or basis of the suit.

6. Evidence. *Bills of lading. Originals.*
Where bills of lading are issued in triplicate all three copies are originals.

7. Sale. *Actions. Burden of proof. Affirmative defenses.*
In a suit by an assignee on a contract for the sale of lumber to be shipped by assignor on defendant's order, such contract providing for a tally of the cars at final destination, it was not necessary for plaintiff to prove that the cars had been tallied in order to recover, since the failure to tally was an affirmative defense which must be shown by the defendant, and the reason of the failure to do so.

8. SAME.

In such case it was the duty of the defendant to have the cars tallied and after the cars had been shipped for a reasonable time it will be presumed that the defendant has done its duty.

9. EVIDENCE.  *Books of original entry.  Preliminary proof.*

In an action for lumber sold, testimony of lumber checkers as to the correctness of their entries on a tally book or book of original entry of lumber loaded on the cars, and testimony of one of the sellers that the book was turned over by the checkers to him after being used, and that no alteration had been made therein, was sufficient to prove that the entries were correct, and had not been altered, although the checkers did not testify that no changes were made in the entries after the book left their possession.

APPEAL from the circuit court of Leflore county.

HON. F. E. EVERETT, Judge.

Suit by the Panola County Bank against the J. C. Nessen Lumber Company.  From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*P. H. Lowrey* and *Lomax & Tyson,* for appellant.

*Gardner, McBee & Gardner,* for appellee.

SYKES, J., delivered the opinion of the court.

The appellant bank filed suit in the circuit court against appellee for the recovery of two thousand, nine hundred, eighty-five dollars and thirty cents, a balance alleged to be due the plaintiff as the assignee of McPherson Bros. on certain lumber transactions had between McPherson Bros. and the Nessen Lumber Company, the said transactions growing out of a contract made between Nessen and McPherson Bros., a copy of which is attached to the declaration as an exhibit.  Under written assignments to the bank, made Exhibits B and C to the declaration, it claims this alleged balance.

Attached to the declaration as an exhibit is also filed an itemized account showing in detail the number of cars shipped on the orders of defendant, the price due for same, and showing the payments made by Nessen to McPherson Bros. and also the payments to the bank. In short, the account purports to show all debits and credits of every nature by and between the bank, McPherson Bros., and Nessen. The defendant pleaded the general issue and gave notice thereunder of certain special matter it would prove on the trial. No denial under oath of the execution of the contract as required by the statute was made. After the introduction of the testimony of plaintiff in the court below, a motion to exclude the same and instruct the jury to return a verdict for the defendant was granted, and judgment was entered in favor of the defendant, from which this appeal is prosecuted.

The record in the case shows that during the introduction of testimony a contract was handed to the witness McPherson and he was asked if McPherson Bros. had a contract with the Nessen Lumber Company, to which he replied, "Yes." The stenographer's notes then show:

"(Plaintiff here offers in evidence a certain contract to witness.) You are the one that made that contract? Yes, sir."

It is contended by the appellee that this contract was not sufficiently identified as the contract sued on, and is not part of the record in this case. We think the appellee is correct in the contention that the contract introduced in evidence is not sufficiently identified by the stenographer's notes.

He is in error, however, in claiming that it is not a part of the record in this case. It is expressly made a part of the record in the case by section 735, Code of 1906 (section 518, Hemingway's Code). Since the execution of the contract is not denied under oath, as provided in section 1974, Code of 1906 (section 1634,

Hemingway's Code), then, under the decisions of this court, it was unnecessary for the plaintiff to offer the contract in evidence. This question is fully discussed in the case of *Elmslie* v. *Thurman,* 87 Miss. 537, 40 So., 67. While the Thurman case is a chancery case, at the same time a reading of the same will show that on this question the same rule pertains both in the circuit and chancery courts. See also, *Hamer* v. *Rigby,* 65 Miss. 41, 3 So. 137. In the last case the case of *Gale* v. *Lancaster,* 44 Miss. 413, relied upon by appellee is discussed and distinguished. This question is also discussed in the cases of *Wanita Mills* v. *Rollins,* 75 Miss. 253, 22 So. 819, and *Brown* v. *Mortgage Co.,* 86 Miss. 388, 38 So. 312.

One of the provisions in the contract is as follows:

"You [Nessen Lumber Company] are to pay us the f. o. b. mill selling price, less two per cent. cash discount upon receipt of bill of lading and tally of car at final destination; and all advanced moneys to be deducted from each shipment per thousand feet, and to be figured and construed as cash payments."

It is contended by the appellee that, under the above provision of the contract, four essential facts must be established by plaintiff before a recovery may be had on this contract: First, an order must be received by them from the defendant; second, a shipment must be made by McPherson Bros.; third, a bill of lading and invoice must be sent by McPherson to defendant, showing the contents of the car and its delivery to the railroad company; fourth, the car must be tallied at its final destination and upon the basis of such tally settlement was to be made. The declaration sufficiently alleged the necessary facts. The appellee concedes, and it is a fact beyond all controversy, that, by the testimony, the plaintiff proved the first two of these propositions, but he claims that he failed to prove the third and fourth. As to the third essential, as claimed by appellee, the testimony explicitly shows that a bill of lading and an

invoice was sent by McPherson to the defendant, show-ing the contents of the car and its delivery to the rail-road company, as each car was shipped.

It is claimed, however, by the appellee, first, that it was necessary for copies of all these bills of lading to be made a part of the declaration, as they constituted a part of the written contract sued on. It is only nec-essary, however, for the plaintiff to attach to his decla-ration the written contract which is the foundation of the suit. Written evidences of various transactions under the contract are mere evidence of the performance of the contract, and these evidences need not be attached to the declaration, under the statute. *Vanschoiack* v. *Farrow,* 25 Ind. 310; *Day* v. *Bowman,* 109 Ind. 383, 10 N. E. 126; *Trapnall* v. *Byrd,* 22 Ark. 10; *Kingsland, etc.,* v. *St. Louis, etc.,* 29 Mo. App. 526.

It was also proven that these cars were shipped upon the written orders of the defendant. The same objec-tion made as to the bills of lading was made as to the orders. The orders, however, only constituted, as did the bills of lading, writings which were evidence of the matters pleaded, and are not the foundation or basis of the suit.

Appellee next contends that the bills of lading offered in evidence by plaintiff in the court below were not admissible because they were only copies and no notice had been given appellees to produce the originals. The testimony, however, shows that the bills of lading were issued in triplicate, the conductor keeping one and giving two to McPherson Bros., one of which was kept by it and one sent to Nessen. The one kept by McPher-son Bros. was introduced in evidence. All three were originals. There is therefore no merit in this contention. The testimony also showed that proper invoices were sent along with the bills of lading to the defendant company.

The plaintiff did not prove that the car was tallied after it reached the point of destination. It is there-

fore contended by the appellee that it cannot recover in this case because it was necessary, before payment was due, for the plaintiff to make this proof. · The contract in this case shows that the defendant company was to sell for McPherson Bros. wherever it could, and that it was the duty of McPherson Bros. to ship the lumber in response to an order of the defendant. From a careful consideration of this contract, we think it is evident that after the car was shipped in response to an order of the defendant it then became the defendant's duty to exercise reasonable care and diligence in seeing that the car reached its place of destination, and in having the lumber checked or tallied by the consignee. Most of the shipments were made with the defendant lumber company as the consignor. It was not the duty of McPherson Bros. to see that this lumber was tallied at the point of destination, but was the duty of the defendant. It is true that, under the contract, payments were not due until after the lumber was checked or tallied at its destination, but it was the duty of the defendant to have the same done, and after a car had been shipped a reasonable time it will be presumed that the defendant has done its duty and received payment for the car. Therefore, if for any reason any of these cars were not tallied at the point of destination, this is an affirmative defense, which must be shown by the defendant, and the reason therefor. The plaintiff made out a *prima-facie* case when he showed that the shipments were made according to instructions, and that a reasonable time had elapsed thereafter.

During the progress of the trial a tally book, or book of original record of the lumber loaded in the cars, was introduced by the plaintiff. The two men who made the entries in this book testified that, so far as they knew, the entries on certain pages in the book were made by them and were correct. They did not testify, howver, that no changes were made on these entries after the book left their possession. The testimony of one of the

McPhersons was that this book was turned over to him after being used by these lumber checkers, and that no alterations or changes had been made in the same. We think it was sufficiently proven that these entries were correct and had not been altered.

It is claimed by the appellee that the appellant bank, under its assignment, has no claim to an item of one thousand, six hundred and twenty-four dollars and eleven cents, for lumber shipped to the J. R. Newberry Lumber Company. It appears from the testimony that this lumber was shipped direct by McPherson Bros. to the Newberry Lumber Company, on a transaction occurring between McPherson and this company, and that Nessen had nothing to do with the shipment of this lumber. It further appears that the check in payment for this lumber was received by McPherson Bros. and was by them turned over to Nessen. The appellee contends that neither of the two assignments of the bank covers this lumber transaction. The second assignment taken by the bank, however, after reciting the consideration, in part reads as follows:

"We hereby grant, bargain, sell, convey, deliver, and transfer and assign to the said Panola County Bank all the indebtedness due to us by the J. L. Nessen Lumber Company, of Chicago, Ill., and all right, claim, and demand which we have or may have against the said J. O. Nessen Lumber Company for the price and value of lumber heretofore shipped by us to them and to others on their orders."

It is insisted by the appellee that this assignment only refers to an indebtedness growing out of lumber shipped to Nessen or on the order of Nessen. This is too narrow a construction to place upon this assignment. The first portion here quoted expressly assigns to the bank all of the indebtedness due McPherson by the defendant lumber company. The testimony as to this item in the case shows that there was an indebtedness for some balance of this one thousand, six hundred twenty-four dollars

and eleven cents due McPherson by the lumber company.

The lower court erred in excluding the testimony. The judgment of the lower court is reversed, and the cause remanded.

*Reversed and remanded.*