COVINGTON v. COLUMBIA MILITARY ACADEMY.

(Division B. Feb. 1, 1943.)

[11 So. (2d) 807. No. 35251.]

100

**Rodgers & Prisock** and **Z. A. Brantley,** all of Louisville, for appellant.

**Hoy Hathorn,** of Louisville, for appellee.

102

**Griffith, J.**, delivered the opinion of the court.

Appellee, the payee of a check, which was protested for want of sufficient funds, sued appellant, the drawer of the check. At the return term appellant filed a plea of the general issue and the case was continued. At the next term appellant filed a special plea setting up the defense of a want of consideration. A demurrer to this plea was sustained. The following day, and after the jury had been empaneled, appellant filed, without leave of the court, a second special plea alleging fraud in the procurement of the check. Appellee moved to strike this second special plea, on the grounds (1) that the plea came too late, (2) that it was frivolous; (3) that it presented no defense to the action; and (4) that it was not permissible at that time under section 548, Code 1930. This motion was sustained.

Immediately following the order of the court on that motion, the following occurred, quoting the record:

"By Judge Brantly (attorney for the defendant): Your Honor, I want to dictate a statement into the record.

"By the Court: Do you want to make it in the presence of the jury?

"By Judge Brantly: Yes, sir, let the jury hear it. Comes the defendant, and states to the Court by and through his counsel that since his two special pleas filed in said cause have been overruled, the defendant now states to the Court that he does not desire to plead further at this time in said cause.

"By the Court: All right; anything else?

"By Mr. Hathorn (attorney for plaintiff): Now comes plaintiff in this cause and moves the court to enter a judgment for plaintiff for the sum sued for, to wit $781.62.

"By the Court: Motion is sustained. Gentlemen, you are relieved from a further consideration of this case."

Appellant assigns as error the action of the court in regard to the two special pleas. We have considered these

pleas and are of the opinion that the court committed no error in dealing with them as was done. Appellant further assigns the action of the court in awarding judgment without any evidence being heard when there was a plea of the general issue on file.

Appellee replies to the latter contention by the argument that the second special plea was not one allowed by law except by leave of the court, and that for this mispleading plaintiff became entitled to judgment in the absence of an affidavit of merits by the defendant, which affidavit was not made,—citing section 534, Code 1930; and appellee replies further that a second special plea, not good, having been filed by the defendant, he was not entitled to have or rely on any other or further plea,—citing section 548, Code 1930.

We do not find it necessary to deal with the two sections of the Code mentioned in the preceding paragraph. As already stated, the action was founded on a check drawn by appellant, payable to appellee, and a copy of this check and of the official protest were filed with, and as exhibits were made a part of, the declaration. No affidavit was made by defendant and filed with his plea denying the signature to, or execution of, the check as is provided by section 1587, Code 1930. Therefore, had the case come on for formal trial before the jury, all that plaintiff would have had to do to make out its case prima facie would have been to introduce the check and the official protest thereof. And had the plaintiff introduced copies instead of the original, this would have been good in the absence of objection. The copies were already a part of the record, as stated, and it was not necessary to formally introduce them when there was no demand for a jury trial; from which it follows that in such case judgment could be validly rendered upon the exhibition of the copies filed with the declaration. Compare Panola County Bank v. J. O. Nessen Lbr. Co., 117 Miss. 593, 596, 597, 78 So. 516.

The quoted colloquy between the attorney for the defendant and the presiding judge, when reasonably interpreted, meant that the defendant was standing on his two special pleas waiving any further formality of procedure as respects his plea of the general issue; and unless defendant's attorney so meant, it was his duty to object when plaintiff's attorney made his motion for judgment and when the court announced the discharge of the jury, which evidently was done under the impression that defendant was not insisting that there were any isues to be heard by the jury. It is, therefore, too late to raise this question about the plea of the general issue on this appeal. We have often affirmed the procedural principle that he who does not object when he should will not be heard later to object when he would.

Affirmed.