Alderman v. Nelson et al.

Filed June 16, 1887.

———————◆———————

No. 12,898.

ALDERMAN v. NELSON ET AL.

ATTORNEY'S LIEN.—*Notice of Intention to Hold.*—*When Must be Entered.*—*Assignment of Judgment.*—Under section 5276, R. S. 1881, an attorney does not acquire a lien upon a judgment obtained for a client, even as against subsequent assignees, unless notice of his intention to hold a lien is entered at the time the judgment of the trial court is rendered.

From the Allen Circuit Court.

*J. Morris, J. M. Barrett* and *C. H. Aldrich,* for appellant.
*R. S. Robertson* and *J. B. Harper,* for appellees.

ELLIOTT, J.—The appellant alleges in his complaint that,

in September, 1881, Hiram Cobb recovered a judgment against him before a justice of the peace; that from this judgment the appellant appealed to the circuit court, where judgment again went against him; that this judgment was rendered on the 10th day of June, 1882; that an appeal was taken to the Supreme Court, and the judgment affirmed on the 19th day of April, 1884; that Messrs. Robertson and Harper were the attorneys for Cobb throughout the entire litigation, and on the 14th day of April, 1884, entered a notice of record that they held a lien on the judgment recovered by him; that, in November, 1883, "Cobb became indebted to Charles R. Jennings in a large sum, and to secure the indebtedness as far as possible Jennings took in payment, to the amount of the judgment, the judgment against Alderman, but did not cause any formal transfer of record to be made to him;" that, finding that a transfer was required, he procured one, on the 11th day of June, 1885, and that plaintiff settled the judgment with Jennings. It also appears from the statements of the complaint that Jennings knew, before he received any formal assignment of the judgment, of the claim and notice of Messrs. Robertson and Harper.

We have given a sufficiently full synopsis of the complaint to present the controlling question in the case, which is, was the lien of Messrs. Robertson and Harper, for their services as attorneys, taken in time to make it valid? This is the ruling question, for, if the lien is effectual, then, the assignment to Jennings of the judgment would not impair it. *Adams* v. *Lee*, 82 Ind. 587; *Puett* v. *Beard*, 86 Ind. 172 (44 Am. R. 280). On the other hand, if there was no valid lien, then the assignment to Jennings would be valid, although made after notice filed by Messrs. Robertson and Harper of their intention to hold a lien upon the judgment. It is obvious that if those gentlemen have no lien on the judgment, they can not disturb the settlement made between Cobb's assignee and the appellant, even though no consideration was paid for the assignment, and even though notice

of the claim for services had reached them before any assignment, legal or equitable, had been executed or agreed upon.

The judgment in the circuit court was not vacated or annulled by the appeal, but remained in full force, except so far as proceedings were stayed by a writ of supersedeas. *Central Union Tel. Co.* v. *State, ex rel.*, 110 Ind. 203. This was the judgment which gave Cobb a right to make his claim out of the property of Alderman, and this was the judgment upon which the lien must attach, if it attaches to any judgment at all, for the judgment of the Supreme Court simply affirmed that of the circuit court. The notice should be taken at the time the judgment it is intended to bind is rendered, and that is the judgment of the trial court. This is so held in *Day* v. *Bowman,* 109 Ind. 383, and is, we have no doubt, the correct rule. It can not have been the intention of the framers of our statute to leave the right to take a lien open pending the time allowed for appeal, or to leave it open during the time the case is in the Supreme Court on appeal; but, on the contrary, the evident intention was to require promptness in giving notice.

The statute gives the lien, and, to secure it, the statutory provisions must be pursued with reasonable strictness and accuracy. It may not be necessary to keep to the very letter of the statute, but it is necessary to keep within its spirit. We are constrained to hold in this instance, that the attorneys who claim the lien have not obeyed the letter or the spirit of the statute. It is there written: "That such attorney shall, at the time such judgment shall have been rendered, enter, in writing, upon the docket or record wherein the same is recorded, his intention to hold a lien thereon." R. S. 1881, section 5276. While it may be true that some latitude as to the time of filing the notice may be allowed, since it is apparent that the notice could not well be entered at the same instant the judgment is recorded, still, we think that the period intervening between June 10th, 1882, and April

14th, 1884, is far longer than the statute allows. To permit such a long delay would defeat one of the chief purposes of the statute, and no reasonable construction of its words will permit the conclusion that a delay of many months will not impair the lien, unless rights have been acquired in the meantime. Our decisions, as we think, give the statute a very different construction from that which the theory of the appellees requires. *Day* v. *Bowman, supra; Puett* v. *Beard, supra.*

It is argued with much ability, and some plausibility, that the omission to enter the notice at the time the judgment is rendered only defeats the lien as to those who acquired rights prior to the time the notice was given; and it is said that the case falls within the rule that a conveyance not recorded within the time prescribed by law is nevertheless good as to those who acquire rights after it is recorded. The fallacy in this position is in assuming that the two classes of cases are the same in principle. They are not the same, for the conveyance is valid between the parties without recording, and the purpose of recording is to give notice, not to validate the deed; while in the case of a lien, notice is essential to the existence of the lien itself, as it is only by virtue of the statute that a lien can exist. *Hill* v. *Brinkley,* 10 Ind. 102. Notice is an indispensable element of the lien, for without notice there can be no lien.

This case is much more closely analogous to the case of a mechanic's lien than it is to the case of a mortgage. The lien of a mortgage grows out of a contract, while the lien of a mechanic, like that of an attorney, is of purely statutory creation. It would hardly be contended that a mechanic could enforce a lien against any one unless he had given the notice required by law; and the same principle that governs the case of a mechanic's lien must govern the case of an attorney's lien.

It is not necessary to inquire whether an attorney had a lien on his client's judgment at common law, for the statute

covers the entire subject and creates the lien, and that is the only one that can be enforced. It was undoubtedly within the power of the Legislature to abrogate a rule of the common law, so that, if it were conceded that the lien existed at common law, it would not avail the appellees. The statute is now the source from which the lien is derived, and it can only exist as the statute creates it.

The case is before us on the complaint, and we can not presume that there was bad faith on the part of the appellant. That, if available at all, must be pleaded as a defence.

Judgment reversed.

Filed June 16, 1887.