Wood *v*. Hughes *et al.*

No. 16,785.

WOOD *v*. HUGHES ET AL.

WAIVER.—*Filing Amended Paragraph After Demurrer Sustained to Original.—Practice.*—The filing of an amended paragraph of answer after the sustaining of a demurrer to the original paragraph, amounts to a waiver of the ruling on demurrer.

PLEADING.—*Cross-Complaint.—Attorney's Lien.*—Where a cross-complaint seeking to have an attorney's lien declared on certain land does not allege that the notice of lien was entered within a reasonable time after the rendition of the decree, nor that the services were of any value, it is insufficient.

*Quaere*, can an attorney's lien be enforced in a suit to enjoin the enforcement of a supposed legal lien by execution?

JUDGMENT.—*Objection to Form, How Made.—Waiver.—Practice.*—Objection to the form of a judgment should be raised by motion to modify, and when not so raised, it is waived.

From the Lake Circuit Court.

*T. J. Wood,* for appellant.

*C. N. Morton,* for appellees.

HACKNEY, C. J.—At the November term, 1878, of the Lake Circuit Court, one Joseph E. Young, executor, obtained a personal judgment against the appellee John M. Hughes for $15,602, including $325 as and for attorneys fees, together with a decree foreclosing a mortgage of certain real estate, securing said amount, against the appellees Hughes and wife. The appellant and another were the attorneys of the said Young in procuring said judgment and decree, and, as such, entered upon the record of said decree an attorney's lien for said sum of $325. The property was sold upon said decree for $325 less than the judgment, and thereafter, in October, 1885, the appellant, then claiming in his own behalf said lien, procured an execution to issue to the appellee sheriff for the collection of the balance of said judgment, with in-

terest, and was about to levy upon and sell property of said John M. Hughes.

This suit was instituted by said Hughes and wife to enjoin the enforcement of said execution, the complaint being in two paragraphs, the second of which only is in question here. That paragraph alleged the facts above stated, together with the additional facts that the personal judgment was rendered without the consent of said Young, and contrary to an agreement with him that no personal judgment should be taken, and upon which agreement no defense was interposed to a foreclosure; that said Hughes, upon proceedings instituted in April, 1876, was, in September, 1883, duly discharged in bankruptcy by the proper court.

It is further alleged that the attorneys' services were not worth to exceed $25, and that said Young was able and willing to pay the same.

There was an answer in general denial and by four affirmative paragraphs, to each of which a demurrer was sustained. The appellant filed, also, a cross-complaint, to which a demurrer was sustained. Upon the trial, the court found for the appellees Hughes and wife, and ordered the cancellation of said judgment, and enjoined the appellant from enforcing said execution.

The errors assigned are:

First. The overruling of the motion for a new trial.

Second. Overruling the demurrer to the second paragraph of complaint.

"Third. The court erred in sustaining a demurrer to the fifth paragraph of defendant's answer    *    *    and for sustaining demurrer to defendant Woods' cross-complaint."

The argument of counsel is not addressed to these assignments of error, and it is doubtful if, upon the argument, any question is properly presented for review.

The third assignment of error is joint, and, under the well established practice, to become available, both of the rulings so assigned must be found to have been erroneous.

The ruling upon the fifth paragraph of answer was waived by the filing of an amended fifth paragraph of answer, to which a demurrer was overruled.

The cross-complaint sought a decree declaring a lien in appellant's favor against said land, and an order of sale thereunder. The notice of lien, pursuant to statute, was not alleged to have been entered within a reasonable time after the rendition of the decree, and, if for no other reason, the cross-complaint would have been insufficient. *Day* v. *Bowman*, 109 Ind. 383; *Alderman* v. *Nelson*, 111 Ind. 255.

Neither was it alleged that the services of the appellant and his assignor were of any value. This was also a fatal omission. *Day* v. *Bowman, supra; Adams* v. *Lee*, 82 Ind. 587; *Dunning* v. *Galloway*, 47 Ind. 182.

It is also questionable whether an action by cross-complaint to establish a lien is germane to a suit to enjoin the enforcement of a supposed legal lien by execution. In no view is there the appearance of error arising upon said third assignment.

The argument, which abounds in mere abstract statements of propositions of law, can not prevail upon the second assignment of error for at least two reasons: First. If the personal judgment against John W. Hughes was rendered in violation of an express agreement between the judgment plaintiff and himself, no suggestion is made against his right to avoid the sale of his property as upon any personal liability, and, having brought in the proper parties, it was his right to have the personal judgment set aside. This proposition is not even denied by appellant. Without the personal remedy, an execution would

not afford the relief to which the appellant would have been entitled under the decree of foreclosure—*in rem*—it is not the writ under which a decree of that nature is enforced; and, secondly, we find the following as part of an express agreement of the parties filed in this court: "It is conceded by all parties that the showing of bankruptcy proceedings in the circuit court below, by the appellees, John W. Hughes and Julia A. Hughes, * * * entitled said plaintiffs, Hughes and Hughes, to a judgment releasing them from all personal responsibility and liability on the Joseph E. Young judgment of foreclosure."

The discharge in bankruptcy was, as we have seen, set up in said second paragraph of complaint. It is perfectly clear, therefore, that the appellees were entitled to some relief upon the second paragraph of complaint, and that it was not error to overrule the demurrer to it.

Considerable space is taken in the briefs in arguing that it was error to declare the decree of foreclosure canceled. The only assignment to which this argument could possibly apply would be the first. There was no motion to modify the judgment, and no ruling in refusing to modify the judgment is assigned. Under the practice, therefore, no proper question is raised. The entry, however, shows "that the judgment * is canceled."

This, we understand, does not include the decree, but has reference alone to the personal judgment against John W. Hughes. Both sides discuss questions arising upon the statutes of limitations, which we do not find to be raised by the record. The appellant contends that the six years' limitation precluded the cancellation of the personal judgment. This limitation was not pleaded, so far as disclosed by record and assignment of error.

The appellee insists that the appellant's claim for fees

was but an open and unliquidated account at best, secured by a lien upon the decree, and that the six years' limitation against accounts would defeat an enforcement of the account and necessarily defeat the incident, the lien. No pleading in the record presents this question.

No doubt the appellant and his assignor had a lien securing their fees; no doubt that lien could have been assigned, and no doubt could have been maintained against the fund for which the land sold, or against the land. But whether the sale upon decree freed the land from the lien, and left the attorney to recourse against the fund or continued the lien against the land in the hands of a *bona fide* purchaser, are questions not before us for decision.

There is no error presented by the record, and the judgment of the circuit court is affirmed.

Filed May 29, 1894.