**BENEFICIAL FINANCE COMPANY,**
**Appellant (One of Defendants**
**Below),**

v.

**WEGMILLER BENDER LUMBER**
**COMPANY, INC., Appellee**
**(Plaintiff Below),**

and

**John L. Myers, Cheryl A. Myers, Brown**
**County Federal Savings and Loan Asso-**
**ciation, and Treasurer of Brown County,**
**Appellees (Defendants Below).**

No. 1–579A150.

Court of Appeals of Indiana,
Fourth District.

May 13, 1980.

James A. Knauer, James G. Lauck, Kroger, Gardis & Regas, Indianapolis, for appellant.

Gary J. Clendening, Thomas Bunger, Bloomington, for appellee (plaintiff) Wegmiller Bender Lumber Company, Inc.

## ON PETITION FOR REHEARING

CHIPMAN, Judge.

In our original published opinion, *Beneficial Finance Company v. Wegmiller Bender Co., Inc.*, 402 N.E.2d 41 (Ind.App.1980), we affirmed the judgment of the Brown Circuit Court, holding a valid mechanics' lien existed in favor of Wegmiller. In its petition for rehearing, Beneficial asserts our opinion contravened recent Supreme Court authority. We take this opportunity to address Beneficial's argument.

Beneficial argues the opinion of this court contravenes precedent announced by our Supreme Court in the case of *Mid-American Homes, Inc. v. Horn*, (1979) Ind., 396 N.E.2d 879. We disagree.

In *Mid-American*, the court interpreted the meaning of the word "owner" as that term was used in IC 1973, 32–8–3–1 (Burns Code Ed.). This section of the mechanics' lien statute provided:

> "Any person, firm, partnership or corporation who sells or furnishes on credit any material, labor or machinery, for . . construction of a . . . family dwelling for the intended occupancy of the owner upon whose real estate the construction takes place . . . shall furnish said *owner* a written notice of the delivery or labor and the existence of lien rights within fourteen [14] days from the date of the first delivery or labor performed. (emphasis added)

The court held the "owner" entitled to notice under IC 32–8–3–1 is not the record titleholder at the time material and labor are furnished, but the "owner of that interest which may be subjected to the lien anticipated by the notice . . . ." 396 N.E.2d at 883.

The present case, however, involves Ind. Code 32–8–3–3, an entirely different notice provision. Section 3 requires only that the lien claimant include in his notice the name of the owner of the real estate "as set forth in the latest entry in the county auditor's transfer books . . . ." This section cannot be read to require the lien claimant to identify the interest which is to be subjected to the mechanics' lien. Section 3 simply requires the lien claimant to name the record title holder in the statutory notice. As the Supreme Court noted in *Mid-American, supra,*[1] Section 3 is designed to

---

1. "Section 3 of the statute Ind.Code § 32–8–3–3 (Burns 1973) refers to the owner as shown on "the County Auditor's transfer books at the time of filing of the notice of intention to hold a lien." In this regard, it must be considered that the notice requirements of Sections 1 and 3, in essence fulfill different purposes. The requirement in Section 1 alerts the owner for whose use or benefit the work is to be done or materials to be furnished, in advance of the time when he is likely to pay the contractor, in order that he may see to the proper application of the proceeds by the contractor. The notice required by Section 3 comes at a time when it is often unlikely to benefit the owner. Its function is to alert prospective purchasers, lenders, tenants, etc. who may otherwise deal with such owner, without requiring the consideration to be applied first to the discharge of the claimed liens."

396 N.E.2d 882.

**1152**

put third parties on notice of the fact a mechanics' lien has been placed against the property. A search of the public record should be sufficient to put a third party on notice that the real estate in question is encumbered and further inquiries should be made. In the present case, John and Cheryl Myers held the property as tenants by the entireties. *With this fact in mind*, any third party searching the record would have found the notice of mechanics' lien filed by Wegmiller naming John Myers as owner and a proper description of the real estate. Further inquiry would have revealed the nature of the underlying debt. The notice itself was neither designed nor does it purport to identify the interest subject to the lien. No third party could claim to have been justifiably misled by the failure to name Cheryl Myers in the notice.

Appellant's Petition for Rehearing is denied.

MILLER, P. J., concurs.

YOUNG, J., would grant petition.