**In re the Marriage of Margaret HOLLINGSWORTH and Larry Hollingsworth.**

**Raymond M. ADLER, Appellant–Petitioner,**

v.

**Robert J. STOOPS, Madison County Clerk, Appellee–Respondent.**

No. 48A02–9605–CV–252.

Court of Appeals of Indiana.

Oct. 8, 1996.

---

Raymond M. Adler, Christopher E. Clark, Steers Sullivan, P.C., Noblesville, for Appellant.

## OPINION

BAKER, Judge.

In this case of first impression, we examine the relationship between Ind.Trial Rule 67(B) and Indiana's Attorney's Lien Statute, IND. CODE § 33–1–3–1. Specifically, appellant-petitioner Raymond M. Adler contends that appellee-respondent Robert J. Stoops, the Clerk of the Madison County Courts, erroneously distributed money he received in payment of a judgment prior to the expiration of Adler's time limitation for filing an attorney's lien against the judgment.

### FACTS

As stipulated by the parties, the facts are as follows:

Margaret Hollingsworth and Larry G. Hollingsworth were granted a dissolution of their marriage by the Madison County Superior Court under Cause No. 48D01–9404–DR–276. In that Decree, among other things, Larry G. Hollingsworth was ordered to pay One Thousand Dollars ($1,000.00) to Margaret Hollingsworth. Raymond M. Adler, as attorney for Margaret Hollingsworth, because she had left the State of Indiana, filed a timely statutory Attorney Lien Notice with the Clerk of Madison County. However, prior to the filing of said notice the Respondent paid the One Thousand Dollars ($1,000.00) to the Clerk who forwarded the same to Margaret Hollingsworth in Texas without notifying her attorney of their (sic) actions.

Attorney Lien Claimant sought enforcement from the Court. The Trial Court found for the Madison County Clerk for "the reason that payment by the Clerk was authorized by Trial Rule 67(B)."

Record at 3–4.[1]

### DISCUSSION AND DECISION[2]

Adler contends that Stoops erroneously dispersed the money he received in payment

1. We note that the parties' entire record consisted of an agreed statement, all of which is reproduced in the text. This statement greatly reduced the expense and time associated with the preparation of an appellate record, as well as facilitated this court's review.

2. Stoops failed to file an appellee's brief. Thus, Adler is entitled to relief upon a showing of prima facie error. *Downing v. Eubanks*, 557 N.E.2d 1027, 1028 (Ind.Ct.App.1990). However, it is within our discretion to decide a case on the

of the judgment prior to the expiration of Adler's sixty-day time limit for filing a lien for attorney fees against the judgment. As a result, Adler argues that Stoops is liable for the amount of the attorney's lien.

After receiving the money in satisfaction of the judgment from Larry Hollingsworth, Stoops distributed it to Margaret Hollingsworth, the judgment creditor.[3] A clerk has authority to distribute money received in satisfaction of a judgment pursuant to T.R. 67(B), which provides in relevant part:

> Unless otherwise directed by the court, payment of money owing under and following a judgment may be made to the judgment creditor or his attorney, to the sheriff holding a writ of execution, or to the clerk of the court where the judgment is rendered. If made to the clerk, the clerk shall notify the person entitled thereto or his attorney and shall pay such sum to him upon receiving a statement of satisfaction required herein.

Following the distribution, Adler filed a lien with Stoops pursuant to Indiana's attorney's lien statute, I.C. § 33–1–3–1, which provides:

> An attorney practicing his profession in any court of record in this state, shall be entitled to hold a lien, for his fees, on any judgment rendered in favor of any person or persons employing such attorney to obtain the same: Provided, that such attorney, within sixty (60) days from the time such judgment shall have been rendered, enter in writing upon the docket or record wherein the judgment is recorded, his intention to hold a lien thereon, together with the amount of his claim, and if an appeal is taken on such judgment, such lien may be entered within sixty (60) days from the date the opinion of the higher court is recorded in the office of the clerk of the trial court or from the date of final judgment where the cause is reversed and retried.

merits. *Head v. State,* 632 N.E.2d 749, 750 (Ind. Ct.App.1994). We exercise such discretion here.

**3.** Although the agreed statement reveals that Stoops forwarded the money to Mary Hollingsworth in Texas, it does not indicate whether Hollingsworth forwarded a release to Stoops as required by T.R. 67(B).

The parties do not dispute that Adler filed his attorney's lien within the required sixty day time limit. R. at 3–4.

Indiana's attorney's lien statute originally provided that an attorney must enter his notice of intention to hold the lien at the time the judgment of the trial court is rendered. *Alderman v. Nelson,* 111 Ind. 255, 12 N.E. 394 (1887). Thereafter, the rule evolved to permit an attorney to enter his lien within a reasonable time after the entry of the judgment. *Wood v. Hughes,* 138 Ind. 179, 37 N.E. 588 (1894). Finally, in 1949, the statute was amended to allow an attorney sixty days from the entry of final judgment to enter his lien. However, it is unclear whether the operation of the attorney's lien statute requires a court clerk to wait sixty days before releasing a money judgment.

For guidance on this question, we look to statutes with a similar statutory purpose. *See City of Muncie v. Campbell,* 156 Ind.App. 59, 63, 295 N.E.2d 379, 382 (1973) (in construing statute, court must consider intent of legislature as it may be expressed in similar statutes with same purpose or object). The mechanic's lien statute is similar to the attorney's lien statute in that both were enacted to protect the rights of those who labor on behalf of others. *See Bennett v. NSR, Inc.,* 553 N.E.2d 881, 882 (Ind.Ct. App.1990).[4] To hold a valid mechanic's lien, a materialman is required to file notice of his intent to hold a lien with the county recorder's office within sixty days after performing labor or furnishing materials. IND. CODE § 32–8–3–3. Once a valid mechanic's lien is filed, it relates back to the time materials or labor are furnished and, as a result, has priority over all liens subsequently created. *Beneficial Finance Co. v. Wegmiller Bender Lumber Co., Inc.,* 402 N.E.2d 41, 46–47 (Ind. Ct.App.1980), *rehearing denied,* 403 N.E.2d 1150.

**4.** Although *Bennett* discussed the comparison between a mechanic's lien and an attorney's retaining lien, which differs from the attorney's charging lien in the present case, we believe the comparison remains applicable.

Our review of both statutes reveals no discernible reason for the attorney's lien statute to operate differently than the mechanic's lien statute. Both statutes reveal a legislative intent to protect persons who labor on behalf of others. As a result, we believe the legislature intended for an attorney's lien, regardless of when it is filed during the sixty-day period, to relate back to the date the attorney's services are provided and take priority over the rights of other creditors, including the judgment creditor. Thus, a clerk holding money in satisfaction of a judgment pursuant to T.R. 67(B) must await the exhaustion of the attorney's sixty day period for filing a lien or secure a release from the attorney of record prior to releasing the money.[5] The failure to do so subjects the clerk to liability for the amount of the attorney's lien. *See Blair v. Lanning,* 61 Ind. 499, 501–502 (1878) (clerk held liable to attorney who timely filed lien on day following entry of judgment).

Our determination that the legislature intended a clerk to hold payment under T.R. 67(B) for sixty days is consistent with the well-established rules of statutory construction. When interpreting statutes, we reconcile them with each other whenever possible. *Helton v. State,* 624 N.E.2d 499, 506 (Ind.Ct.App.1993). The same principle applies in the interpretation of a statute and a trial rule. In order to reconcile T.R. 67(B) with I.C. § 33–1–3–1, a clerk must hold any money paid pursuant to a judgment for sixty days to ensure that no attorney's liens are filed or secure a release from the attorney of record. To hold otherwise would negate the purpose of the attorney's lien statute because it would require attorneys to file their liens earlier than permitted by statute to guard against a clerk's distribution of the money. In the present case, Adler filed his attorney's lien in compliance with the attorney's lien statute. As a result, we reverse the trial court's denial of Adler's request to enforce his attorney's lien against Stoops and remand for proceedings consistent with this opinion.

Judgment reversed and remanded.

NAJAM and HOFFMAN, JJ., concur.

---

5. We note that Professor William Harvey came to the same conclusion in 4 *Indiana Practice Series,* 415 (1991) (when payment is made to the clerk, he must examine the records as to attorneys' liens before he disgorges the funds and, since an attorney has sixty days in which to assert his lien, he may be wise to withhold payment until sixty days after the entry of judgment or until he is satisfied that no lien will be asserted).