

FILED

Feb 18 2015, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| **ATTORNEY FOR APPELLANT** | **APPELLEE PRO SE** |
| Mark Small | Paul J. Watts |
| Indianapolis, Indiana | Spencer, Indiana |

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Richard A. Clem, | February 18, 2015 |
| *Appellant-Defendant*, | Court of Appeals Cause No. 60A05-1406-PL-297 |
| v. | Appeal from the Owen Circuit Court. The Honorable Dena Martin, Special Judge. |
| Paul J. Watts, | Cause No. 60C01-1312-PL-567 |
| *Appellee-Plaintiff*. | |

**Sharpnack, Senior Judge**

## Statement of the Case

[1] Attorney Richard Clem appeals the trial court's denial of his summary judgment motion and the grant of attorney Paul Watts' summary judgment motion following Watts' complaint seeking judgment against Clem for attorney fees in a dissolution case.

We reverse and remand with instructions for the trial court to enter summary judgment in favor of Clem.

## Issue

The sole issue is one of statutory interpretation and asks us to determine whether pursuant to Indiana Code section 33-43-4-2 (2004) an attorney fee lien is valid if the intention to hold a lien is filed before judgment is rendered in the case.

## Facts and Procedural History

The dispositive facts are undisputed. In April 2011, Wife retained Watts to represent her in a dissolution proceeding in Hamilton County. Fourteen months later, in June 2012, Wife discharged Watts. Watts withdrew his appearance in July 2012. On September 6, 2012, Watts filed a Notice of Attorney Fee Lien in the Hamilton Circuit Court wherein he "enter[ed] his intention . . . to hold a lien pursuant to Indiana Code § 33-43-4-1 on all money and property awarded to [Wife] . . . ." Appellant's App. p. 15. The Notice further provided that the lien was in the amount of $5,649.48.

In September 2013, the Hamilton Circuit Court issued a dissolution decree that directed Clem, who was Husband's counsel, to make a $29,749.46 distribution payment to Wife using funds provided by Husband. Clem distributed the money to Wife without paying Watts the value of the lien. Watts responded by filing a complaint against Clem and Wife requesting judgment in the sum of $5,649.48.

[6] Clem filed a Motion for Summary Judgment wherein he argued that Watts' lien was not valid because Watts filed the lien before the trial court's entry of judgment in the dissolution case. According to Clem, Indiana Code section 33-43-4-1 requires an attorney to file a lien not later than sixty days after the judgment is rendered. Watts also filed a Motion for Summary Judgment wherein he argued the statutory requirement that the notice of intention to hold a lien be filed not later than 60 days after the judgment is entered does not preclude a notice of lien from being filed before the judgment is entered creating an effective lien.

[7] The trial court denied Clem's summary judgment motion and granted Watts' motion. Clem appeals the denial of his motion and the grant of Watts'.

## Discussion and Decision

[8] A party is entitled to summary judgment upon demonstrating the absence of any genuine issue of fact as to a determinative issue unless the nonmoving party comes forward with contrary evidence showing an issue of fact for trial. *Dugan v. Mittal Steel USA, Inc.*, 929 N.E.2d 184, 185-86 (Ind. 2010).

[9] Our review on appeal from summary judgment is de novo. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). On appeal, our task is the same as the trial court's. *Id.* We must determine whether the moving party has shown from the designated evidentiary matter that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.*; *see also* Ind. Trial Rule 56. We construe all facts and reasonable inferences in favor

of the nonmoving party to ensure that it is not improperly denied its day in court. *Dugan*, 929 N.E.2d at 186. The appellant has the burden to persuade us that the trial court made the wrong decision. *Rosi v. Bus. Furniture Corp.*, 615 N.E.2d 431, 434 (Ind. 1993).

[10] Where, as here, the relevant facts are not in dispute and the interpretation of a statute is at issue, such statutory interpretation presents a pure question of law for which summary judgment disposition is appropriate. *Sanders v. Bd. Of Comm'rs of Brown Cnty*., 892 N.E.2d 1249, 1252 (Ind. Ct. App. 2008), *trans. denied*. Our standard of review is not altered by cross motions for summary judgment. *Id.*

[11] The first step in interpreting a statute is to determine whether the legislature has spoken clearly and unambiguously on the point in question. *Sees v. Bank One, Indiana, N.A.,* 839 N.E.2d 154, 157 (Ind. 2005). When a statute is clear and unambiguous, we need not apply any rules of construction other than to require that the words and phrases be taken in their plain, ordinary, and usual sense. *Id.* Clear and unambiguous statutes leave no room for judicial construction. *Id.*

[12] The attorney's lien statutes at issue in this case are Indiana Code sections 33-43-4-1 and 2, which provide that:

> An attorney practicing law in a court of record in Indiana may hold a lien for the attorney's fees on a judgment rendered in favor of a person employing the attorney to obtain the judgment.

An attorney, not later than sixty (60) days after the date the judgment is rendered, must enter in writing upon the docket or record in which the judgment is recorded, the attorney's intention to hold a lien on the judgment, along with the amount of the attorney's claim.

[13] An early version of this statute provided that an attorney had to enter his notice of intention to hold the lien at the time the judgment of the trial court was rendered. *Alderman v. Nelson*, 111 Ind. 255, 12 N.E. 394 (1887). The rule subsequently evolved to permit an attorney to enter his lien within a reasonable time after the entry of the judgment. *Wood v. Hughes*, 138 Ind. 179, 37 N.E. 588 (1894). The statute was amended in 1949 to allow an attorney sixty days from the entry of final judgment to enter his lien. *Stroup v. Klump-O'Hannes*, 749 N.E.2d 622, 624 (Ind. Ct. App. 2001). Specifically, the statute was amended to state as follows:

Any attorney practicing his profession in any court of record in this state, shall be entitled to hold a lien, for his fees, on any judgment rendered in favor of any person or persons employing such attorney to obtain the same: Provided, That such attorney, within sixty (60) days from the time such judgment shall have been rendered, enter in writing upon the docket or record wherein the judgment is recorded, his intention to hold a lien thereon, together with the amount of his claim.

[14] Ind. Code § 33-1-3-1 (1949). Cases interpreting this statute were clear that an attorney had sixty days from the entry of final judgment to enter his lien, *Hollingsworth v. Stoops*, 671 N.E.2d 165, 167 (Ind. Ct. App. 1996), and a lien filed before any judgment was rendered was not valid because there was no

judgment to which the lien could attach. *Greenfield v. Greenfield*, 591 N.E.2d 1057, 1059 n.4 (Ind. Ct. App. 1992), *trans. denied*.

[15] These cases would be dispositive to the issue in the instant case; however, in 2004, Indiana Code section 33-1-3-1 was repealed, amended, and recodified at Indiana Code sections 33-43-4-1 and 2, where section 2 now provides that an attorney must file his lien "not later than sixty (60) days after the judgment is rendered." Citing no authority in support of his proposition, Watts argues that this slight change in the wording of the statute has relaxed the statutory requirements to allow liens to be filed before a judgment is rendered. We disagree.

[16] First, in Indiana Code section 33-43-4-2, the legislature clearly and unambiguously stated that an attorney must enter his intention to hold a lien on the judgment "in writing upon the docket or record in which the judgment is recorded" not later than sixty days after the date the judgment is entered. This clear and unambiguous language contemplates that a judgment must be recorded before a lien may be entered.

[17] Further, this result is consistent with our construction of the mechanic's lien statutes. We look to statutes with similar statutory purposes for guidance. *Hollingsworth*, 671 N.E.2d at 167. The mechanic's lien statute is similar to the attorney's lien statute in that both were enacted to protect those who labor on behalf of others. *Id.* A person who wishes to acquire a lien upon property is required to file notice of his intention to hold the lien for the amount of the

claim in the recorder's office not later than sixty days after performing labor or furnishing materials. Ind. Code § 32-28-3-3 (2008). This sixty-day period for filing a notice of intention to hold a mechanic's lien commences when the subcontractor "finishes task for which it was hired." *Riddle v. Newton Crane Service, Ind.,* 661 N.E.2d 6, 10 (Ind. Ct. App. 1996), *trans. denied*. Similarly, the sixty-day period for filing a notice of intention to file an attorney fee lien commences when the judgment is entered.

# Conclusion

[18] Pursuant to Indiana Code section 33-43-4-2, an attorney fee lien is not valid if the lien is filed before judgment is entered in the case. The trial court therefore erred in granting Watts' summary judgment motion and denying Clem's. We reverse and remand with instructions for the trial court to grant summary judgment in favor of Clem.

Friedlander, J., and Pyle, J., concur.