

FILED

May 13 2019, 6:17 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Tammy L. Ortman
Jennifer S. Ortman
Lewis & Kappes, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Michael D. Dobosz
Hilbrich Cunningham Dobosz &
Sandoval, LLP
Highland, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Rea Robinson,

*Appellant-Defendant,*

v.

Radley Robinson,

*Appellee-Plaintiff.*

May 13, 2019

Court of Appeals Case No.
18A-EM-2742

Appeal from the Lake Superior
Court

The Honorable Calvin D.
Hawkins, Judge

Trial Court Cause No.
45D02-1704-EM-9

**Najam, Judge.**

## Statement of the Case

[1]     Radley Robinson filed a complaint for declaratory judgment against his sister Rea Robinson seeking to enforce a transfer on death deed executed by their mother, Miriana Robinson. After she had executed the transfer on death deed, Miriana executed and delivered a quitclaim deed transferring title in her home

to Rea. After Miriana's death, Rea claimed sole title to the real estate. The trial court entered summary judgment in favor of Radley and concluded that, under the transfer on death deed, Radley and Rea owned Miriana's home as tenants in common.

[2] Rea appeals the trial court's grant of summary judgment for Radley, and she presents two issues for our review:

1. Whether the trial court abused its discretion when it struck two affidavits Rea had designated on summary judgment.

2. Whether the trial court erred when it denied her motion for summary judgment and entered summary judgment for Radley.

[3] We affirm in part, reverse in part, and remand with instructions.

## Facts and Procedural History

[4] On October 24, 2014, Miriana Robinson executed a transfer on death deed ("TOD deed") whereby her fee simple title in her residence in Munster ("the real estate") would transfer to her children Rea and Radley as tenants in common upon Miriana's death. That TOD deed was recorded on November 12. Nearly two years later, on October 5, 2016, Miriana executed and delivered a quitclaim deed transferring her interest in the real estate to Rea, effective immediately. The quitclaim deed was not recorded before Miriana's death on November 18. Rather, Rea recorded the quitclaim deed on December 27.

On April 6, 2017, Radley filed a complaint seeking a declaratory judgment that "the beneficiary designations in the Robinson TOD Deed were not revoked" and that, "upon Miriana Robinson's death, [the real estate] was transferred to [Rea and Radley] as tenants in common." Appellant's App. Vol. II at 16. In June 2018, Radley moved for summary judgment. Rea filed a cross-motion for summary judgment. Following a hearing, the trial court denied Rea's motion and granted Radley's motion for summary judgment. This appeal ensued.

# Discussion and Decision

### *Issue One: Motion to Strike Affidavits*

Rea first contends that the trial court abused its discretion when it granted Radley's motion to strike two affidavits that Rea had designated as evidence on summary judgment. The trial court has broad discretion in ruling on the admissibility of evidence. *Price v. Freeland*, 832 N.E.2d 1036, 1039 (Ind. Ct. App. 2005). And "[t]his discretion extends to rulings on motions to strike affidavits on the grounds that they fail to comply with the summary judgment rules." *Id.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances of the case, or if it misinterprets the law. *Lytle v. Ford Motor Co.*, 814 N.E.2d 301, 315 (Ind. Ct. App. 2004), *trans. denied*. Evidentiary material used in association with a motion for summary judgment must set forth only information that would be admissible at trial. *Id.* (citing Ind. Trial Rule 56(E)).

[7] In support of her summary judgment motion, Rea designated as evidence two affidavits: one executed by her and a second executed by a family friend, Chris Bonefacic. Those affidavits included the affiants' impressions of Miriana's feelings with respect to certain events involving Radley as well as Miriana's reasons for executing the quitclaim deed and for changing her will to exclude Radley. In his motion to strike the affidavits, Radley asserted in relevant part that the affidavits were irrelevant and, therefore, inadmissible under Indiana Evidence Rule 401.

[8] We agree with Radley that the relevant facts underlying the summary judgment in his favor are not in dispute, and the issue on summary judgment presents a pure question of law. The parties agree that: Miriana executed and recorded a TOD deed; Miriana then executed and delivered, but did not record, a quitclaim deed; and the only recorded deed at the time of Miriana's death was the TOD deed. The sole issue on summary judgment was whether Miriana's residence belonged to Rea and Radley under the TOD deed or to Rea under the quitclaim deed. Nothing in the two affidavits proffered by Rea on summary judgment was relevant to a resolution of that question. Accordingly, the trial court did not abuse its discretion when it struck the affidavits.

### Issue Two: Summary Judgment

[9] Rea next contends that the trial court erred when it denied her summary judgment motion and granted Radley's summary judgment motion. Our standard of review is clear. The Indiana Supreme Court has explained that

[w]e review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).

The initial burden is on the summary-judgment movant to "demonstrate [ ] the absence of any genuine issue of fact as to a determinative issue," at which point the burden shifts to the non-movant to "come forward with contrary evidence" showing an issue for the trier of fact. *Id.* at 761-62 (internal quotation marks and substitution omitted). And "[a]lthough the non-moving party has the burden on appeal of persuading us that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that he was not improperly denied his day in court." *McSwane v. Bloomington Hosp. & Healthcare Sys.*, 916 N.E.2d 906, 909-10 (Ind. 2009) (internal quotation marks omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014) (omission and some alterations original to *Hughley*). Our standard of review is not altered by cross motions for summary judgment. *Clem v. Watts*, 27 N.E.3d 789, 791 (Ind. Ct. App. 2015).

[10] Where, as here, the relevant facts are not in dispute and the interpretation of statutes is at issue, such statutory interpretation presents a pure question of law

for which summary judgment disposition is appropriate. *Id.* The first step in interpreting a statute is to determine whether the legislature has spoken clearly and unambiguously on the point in question. *Id.* When a statute is clear and unambiguous, we need not apply any rules of construction other than to require that the words and phrases be taken in their plain, ordinary, and usual sense. *Id.* Clear and unambiguous statutes leave no room for judicial construction. *Id.*

[11] On appeal, Rea maintains, and Radley agrees, that the "legal effect of the [quitclaim deed] is determinative of the pending question of law." Appellant's Br. at 19. Rea asserts that the quitclaim deed "divest[ed]" Miriana "of all interest in the Real Estate such that the TOD Deed became a nullity and extinguished Radley's beneficiary claims thereunder." *Id.* at 20. But Radley maintains that, under the Transfer on Death Property Act ("the Act"), because Rea had not yet *recorded* the quitclaim deed at the time of Miriana's death, the TOD deed had not been revoked and the TOD deed controlled.

[12] Several provisions of the Act are relevant here. Indiana Code Section 32-17-14-3 (2018) provides in relevant part:

> The following definitions apply throughout this chapter:
>
> * * *
>
> > (11) "Property" means any *present or future interest in real property*, intangible personal property, or tangible personal property. . . .

(Emphasis added.)  Indiana Code Section 32-17-14-11 provides in relevant part:

> (a) A transfer on death deed transfers *the interest* provided to the beneficiary if the transfer on death deed is:
>
>> (1) executed by the owner or owner's legal representative; and
>
>> (2) recorded with the recorder of deeds in the county in which the real property is situated before the death of the owner.

(Emphasis added.)  Indiana Code Section 32-17-14-16 provides in relevant part:

> (a) A beneficiary designation may be revoked or changed during the lifetime of the owner.
>
> * * *
>
> (f) A revocation or change in a beneficiary designation must comply with the terms of any governing instrument, this chapter, and any other applicable law.
>
> * * *
>
> (h) *A transfer during the owner's lifetime of the owner's interest* in the property, with or without consideration, *terminates the beneficiary designation with respect to the property transferred*.
>
> * * *
>
> (j) An owner may revoke a beneficiary designation made in a transfer on death deed by executing and recording before the death of the owner with the recorder of deeds in the county in which the real property is situated either:

(1) a subsequent deed of conveyance revoking, omitting, or changing the beneficiary designation; or

(2) an affidavit acknowledged or proved under IC 32-21-2-3 that revokes or changes the beneficiary designation.

(Emphasis added.) And Indiana Code Section 32-17-14-19(a) provides:

*A beneficiary of a transfer on death transfer takes the owner's interest in the property at the death of the owner* subject to all conveyances, assignments, contracts, set offs, licenses, easements, liens, and security interests made by the owner or to which the owner was subject during the owner's lifetime.

(Emphasis added.)

[13] The parties agree that these statutes are unambiguous. The parties disagree, however, regarding which statutes control here. Our courts have not yet had an opportunity to interpret these statutes under the Act, so we are presented with an issue of first impression. While we are not bound by decisions from foreign jurisdictions, it is appropriate to look to the decisions of other jurisdictions that interpret statutory language that is identical or of similar import. *Steiner v. State*, 763 N.E.2d 1024, 1027 (Ind. Ct. App. 2002), *trans. denied*.

[14] In *Sheils v. Wright*, the Court of Appeals of Kansas addressed the same issue presented here and, interpreting statutes substantively similar to Indiana's, held that a quitclaim deed executed and delivered during the grantor's lifetime left nothing to transfer under a TOD deed on his death. 357 P.3d 294 (Kan. Ct. App. 2015). In *Sheils*, Richard executed and recorded a TOD deed to his house

naming as beneficiary his brother Charles. Three years later, Richard executed a quitclaim deed transferring the house to himself and to his nephew Kevin as joint tenants with the right of survivorship. The quitclaim deed was not recorded at the time of Richard's death a few months later. Charles filed suit to enforce the TOD deed, and the trial court granted summary judgment to Charles.

[15] On appeal, the Court of Appeals of Kansas observed that the relevant statute required that a revocation of a TOD deed be recorded during the owner's lifetime and, because the owner had not recorded the quitclaim deed, "the [TOD] deed remained in effect at Richard's death." 357 P.3d at 295. However, the court went on to consider whether "any property remain[ed] to be transferred" under the TOD deed at the time Richard died. *Id.* at 295-96. The court stated that, by statute, beneficiaries of a TOD deed "take their interest *subject to all conveyances* the owner may yet make during his or her lifetime." *Id.* at 296 (citing K.S.A. 59-3504(b); emphasis original). And the court held that, "[s]ince Richard conveyed *all* of the property away during Richard's lifetime, there was nothing to transfer on his death via the [TOD] deed." *Id.* Finally, the court acknowledged that the lifetime transfer was effective even though the deed was not recorded before Richard's death. *Id.*

[16] Likewise, Indiana Code Section 32-17-14-19(a) provides that a TOD deed beneficiary "takes the owner's interest in the property at the death of the owner subject to all conveyances . . . made by the owner . . . during the owner's lifetime." Thus, here, the quitclaim deed left no interest in the property to

transfer on Miriana's death via the TOD deed. As a matter of law, Radley's contingent interest in the real estate was extinguished before Miriana's death.

[17] In addition, Indiana Code Section 32-17-14-16(h) provides that the transfer during the owner's lifetime of the owner's interest in the property "terminates" a beneficiary designation in a TOD deed. Radley contends that Section 16(h) does not apply here because, he maintains, the "specific provisions of subsection 16(j) of the Act override the general provisions of subsection 16(h) when real estate is involved[.]"[1] Appellee's Br. at 16. Radley is incorrect for two reasons. First, the definition of "property" under Indiana Code Section 32-17-14-3 includes "any present or future interest in *real property*." (Emphasis added.) Section 16(h) specifically refers to a transfer made "during the owner's lifetime of the owner's interest in the property," and, thus, it specifically applies to the transfer of Miriana's interest in the real estate by quitclaim deed to Rea. Second, while Section 16(j) provides that an owner "may *revoke*" a beneficiary designation in the manner prescribed therein, Section 16(h) provides that the *inter vivos* transfer of an owner's interest in the property "*terminates*" a beneficiary designation. (Emphases added.) Thus, Section 16(j) applies where an owner affirmatively revokes a beneficiary designation by a subsequent conveyance, which must be recorded to be valid, and 16(h) applies by operation

---

[1] We note that we disregard the affidavit submitted by Radley from an attorney who participated in the drafting of the Act. As we have stated, "[i]n interpreting statutes, we do not impute the opinions of one legislator, even a bill's sponsor, to the entire legislature unless those views find statutory expression." *Utility Ctr., Inc. v. City of Ft. Wayne*, 868 N.E.2d 453, 459 (Ind. 2007).

of law where, as here, an owner transfers her interest in the property by an *inter vivos* conveyance.

[18] Here, there is no evidence that Miriana sought to revoke the beneficiary designation in the TOD deed under Section 16(j). Rather, Miriana quitclaimed the real estate to Rea, which in its operation and effect terminated the beneficiary designation under Section 16(h). And, unlike Section 16(j), there is no recording requirement under Section 16(h). Accordingly, Radley's contentions on this issue are without merit.

[19] In sum, the undisputed evidence shows that the quitclaim deed was a valid and immediate transfer of the real estate to Rea under Indiana Code Section 32-21-1-15.[2] Accordingly, we hold that, under Indiana Code Section 32-17-14-19(a), there was no property interest to transfer on Miriana's death via the TOD deed and that, under Indiana Code Section 32-17-14-16(h), the unrecorded quitclaim deed executed and delivered during Miriana's lifetime terminated the beneficiary designation of the TOD deed "with respect to the property transferred." We reverse and remand and instruct the trial court to grant Rea's summary judgment motion.

---

[2] We reject Radley's contention that the quitclaim deed did not effect a transfer of the real estate because it was not recorded. As a general rule, a party to a deed is bound by the instrument whether or not it is recorded. *See Book v. Hester*, 695 N.E.2d 597, 600 (Ind. Ct. App. 1998). And, in any event, Radley concedes that the quitclaim deed "does, on its face, comply with" Indiana Code Section 32-21-1-15. Appellee's Br. at 23.

Affirmed in part, reversed in part, and remanded with instructions.

Robb, J., concurs.

Baker, J., concurs with separate opinion.

| | |
|---|---|
| Rea Robinson,<br>*Appellant-Defendant,*<br><br>v.<br><br>Radley Robinson,<br>*Appellee-Plaintiff* | Court of Appeals Case No.<br>18A-EM-2742 |

**Baker, Judge, concurring.**

I fully concur with the majority opinion. I write separately to note the reason I believe Indiana Code section 32-17-14-16(j) does not apply to this case. Under that section,

> (j)    An owner may revoke a beneficiary designation made in a transfer on death deed by executing and recording before the death of the owner with the recorder of deeds in the county in which the real property is situated either:
>
>     (1)    a subsequent deed of conveyance revoking, omitting, or changing the beneficiary designation; or

(2)     an affidavit acknowledged or proved under IC 32-21-2-3 that revokes or changes the beneficiary designation.

[22] This section applies to circumstances in which the property owner intends to revoke or omit the beneficiary designation, leaving no beneficiary of a transfer on death, or to change the identity of the beneficiary altogether. Here, that is not what happened. Miriana did not intend to revoke the beneficiary designation or change the identity of the beneficiary. Instead, Miriana quitclaimed her interest to Rea, meaning that she divested herself of her interest, retaining no interest to be transferred upon her death. Therefore, the situation contemplated by subsection -16(j) does not apply here and there was no requirement that Miriana record a subsequent deed of conveyance or an affidavit. I agree with the majority that the conveyance of the quitclaim deed to Rea terminated Radley's interest under the TOD deed.