## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 15 2020, 9:13 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Robert J. Hardy
Hardy Law Office
Auburn, Indiana

ATTORNEYS FOR APPELLEE

Douglas E. Johnston
Dana K. Carlson
Tourkow, Crell, Rosenblatt &
Johnston, LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Supervised Estate of David M. Christian:

Woodrow Garry DeRossett and William Larry DeRossett,

*Appellants,*

v.

Estate of David M. Christian,

*Appellee.*

April 15, 2020

Court of Appeals Case No.
19A-ES-2815

Appeal from the Dekalb Circuit Court

The Honorable Kurt Bentley Grimm, Judge

Trial Court Cause No.
17C01-1908-ES-4

**Bailey, Judge.**

# Case Summary

[1] Woodrow Garry DeRossett and William Larry DeRossett ("the DeRossetts"), brothers-in-law of decedent David M. Christian ("Christian"), bring this appeal pursuant to Indiana Appellate Rule 14. They appeal the denial of their motion to correct error, which challenged a grant of summary judgment, upon the motions of the Estate of David M. Christian ("the Estate") and the Indiana Family and Social Services Agency ("FSSA"),[1] disposing of the DeRossetts's claim that Christian had deeded real property to them. The DeRossetts present the sole issue of whether summary judgment was improvidently granted. We affirm.

# Facts and Procedural History

[2] On September 17, 1986, Christian and his wife, Nancy, executed a mutual will ("the Will") providing that the survivor of them would take the entire estate of the decedent, which would then pass upon the death of the last surviving spouse to their three children, April Christian Blank, David Mark Christian, and William Christian ("the Heirs"). The Heirs were minors when the Will was executed, and thus the Will designated the DeRossetts to serve as personal representatives.

---

[1] The FSSA is not an active party on appeal.

Nancy died in 2003, owning an interest as a tenant in common with her brothers, the DeRossetts, in two farms located in Noble County, Indiana. Nancy owned a 1/9 interest in 48.83 acres on Waits Road ("the Waits Farm") and a 1/3 interest in 5.739 acres on Mapes Road ("the Mapes Farm"). Pursuant to the Will, this property interest passed to Christian. Christian filed in the office of the Recorder of Noble County ("the Recorder") an affidavit as surviving spouse and the Recorder documented the transfer of Nancy's interest to Christian.

On November 26, 2016, Christian signed before a Notary Public a document providing in its entirety as follows:

> To Whom It May Concern:
>
> I request that I, [signed] David M. Christian, (David M. Christian) have my name be removed from any deed or record that lists me as a part owner on any property, which also has W. Garry DeRossett and W. Larry DeRossett as co-owners. It is my desire to have the ownership of the property in the names of W. Garry DeRossett and W. Larry DeRossett.
>
> Sincerely,
>
> [Signature and Notary Block]

(Appellee's App. Vol. II, pg. 30.)

Christian died on April 16, 2017, and an unsupervised estate was opened on September 14, 2017. On October 30, 2017, the FSSA filed a claim against the

Estate in the amount of $33,356.94. On December 12, 2017, the DeRossetts filed a claim against the Estate for contribution to operational expenses of the Waits Farm and the Mapes Farm. Because of the latter claim, the Heirs argued that there was a conflict of interest in having either DeRossett brother serve as a personal representative. The probate court appointed a special personal representative. The interested parties then filed a Stipulation of Relevant Facts, acknowledging that Christian had inherited and recorded Nancy's interest in the Waits Farm and the Mapes Farm.

[6] On July 17, 2018, the DeRossetts filed in the Recorder's office a document titled "Quitclaim Deed Under IC 32-21-1-15." *Id.* at 32. According to the face of the document, it commemorated a "Quitclaim executed on this 26th day of November 2016 by grantor, David M. Christian." *Id.* Appended to the unsigned quitclaim deed was a notarized copy of the November 26, 2016 document. On November 5, 2018, the appointed personal representative of the Estate filed a "Petition for Declaratory Ruling on One Critical Issue Involving Title to Real Estate. *Id.* at 9.

[7] On January 21, 2019, the DeRossetts filed a motion for summary judgment in their favor upon the personal representative's request for declaratory relief. The Estate and the FSSA filed cross-motions for summary judgment, collectively contending that the document signed by Christian in November of 2016 was not a valid deed to transfer any interest to the DeRossetts, that Christian was prohibited by the terms of the Will from transferring any such property interest, and that the purported transfer was procured by fraud. On August 23, 2019, the

probate court issued its summary judgment order, identifying two grounds for the decision: Christian had not executed a valid deed granting a real property interest to the DeRossetts, and the Will prohibited Christian's disposition of his interest in the Waits Farm and the Mapes Farm.[2] The court did not address the alternate grounds of fraud. The probate court, sua sponte, ordered that the unsupervised estate be converted to a supervised estate.

On September 20, 2019, the DeRossetts filed a motion to correct error. The motion was summarily denied, and this appeal ensued.

# Discussion and Decision

In general, the denial of a motion to correct error is reviewed for an abuse of discretion. *Poiry v. City of New Haven*, 113 N.E.3d 1236, 1239 (Ind. Ct. App. 2018). However, where issues raised are questions of law, our review is de novo. *Id.* Here, the motion to correct error challenged the grant of summary judgment. The Indiana Supreme Court has explained that

---

[2] The Will contained Item 8, a non-revocation provision:

> We have made a Will containing certain mutual provisions in favor of each other with the understanding and upon the condition that neither of us will revoke such provision nor make any changes therein without the written consent of the other and we have further agreed that neither of us shall transfer any property during our lifetime without the consent of the other.

(Appellee's App. Vol. II, pg. 25.)

> [w]e review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of ... the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T. R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).

[10] A trial court's findings and conclusions offer insight into the rationale for the court's judgment and facilitate appellate review but are not binding on this Court. *Denson v. Estate of Dillard*, 116 N.E.3d 535, 539 (Ind. Ct. App. 2018). Additionally, we are not constrained to the claims and arguments presented to the trial court, and we may affirm a summary judgment ruling on any theory supported by the designated evidence. *Id.* The fact that the parties have filed cross-motions for summary judgment does not alter this standard of review or change our analysis. *Id.* The party that lost in the trial court has the burden of persuading us that the trial court erred. *Id.*

[11] Here, the DeRossetts contended that they, and not the Estate, owned the property previously owned by Nancy, as evidenced by a quitclaim deed incorporating a deed from Christian. The probate court concluded that the purported quitclaim deed failed to comply with the requirements of Indiana

Code Section 32-21-1-15. Where, as here, the relevant facts are not in dispute and the interpretation of a statute is at issue, such statutory interpretation presents a pure question of law for which summary judgment disposition is appropriate. *Clem v. Watts*, 27 N.E.3d 789, 791 (Ind. Ct. App. 2015). The first step in interpreting a statute is to determine whether the legislature has spoken clearly and unambiguously on the point in question. *Id.* When a statute is clear and unambiguous, we need not apply any rules of construction other than to require that the words and phrases be taken in their plain, ordinary, and usual sense. *Id.*

[12] A valid deed must satisfy certain requirements; that is,

> [i]n order that an instrument purporting to convey title to land or an interest or estate in land may be valid as a deed and operative to pass such title to or interest in land, it is essential that there be a grantor, a grantee, and a thing granted, and that it convey a present interest or estate. It is further necessary that the instrument be signed by the grantor, or someone whom he directs to sign for him, or his authorized agent, be attested and acknowledged in conformity to the local statutory requirements, and delivered by the grantor to the grantee or to someone in his behalf and accepted by the grantee.

*Bercot v. Velkoff*, 111 Ind. Ct. App. 323, 332, 41 N.E.2d 686, 689 (1942).

[13] Regarding quitclaim deeds in particular, Indiana Code Section 32-21-1-15(a) provides:

> A conveyance of land that is:

(1) worded in substance as "A.B. quitclaims to C.D." (here describe the premises) "for the sum of" (here insert the consideration); and

(2) signed, sealed, and acknowledged by the grantor (as defined in IC 32-17-1-1);

is a good and sufficient conveyance in quitclaim to the grantee and the grantee's heirs and assigns.

[14] The purported quitclaim deed filed by the DeRossetts was not signed, sealed, and acknowledged by Christian as the grantor. In order to ostensibly satisfy the requirement of that action by the grantor, the DeRossetts appended the November 2016 document. The quitclaim document itself included a legal description of some real property, albeit not a description derived from the purportedly incorporated conveyance document. At bottom, the DeRossetts have contended they were able to draft and execute a quitclaim deed because Christian had earlier conveyed his interest in the farms in a form that the DeRossetts had accepted and considered to be a deed. However, the underlying document suffered from a fatal deficiency.

[15] It has long been the law that "deeds purporting to convey lands, which do not describe or designate the lands, are invalid for uncertainty." *Wilson v. Johnson*, 145 Ind. 40, 38 NE 38, 39 (1894). The DeRossetts observe that Indiana Code Section 32-21-1-15 "does not define what is an adequate description" and they argue that "a reasonable trier of fact could find that the November 26, 2016 document did in fact contain an adequate description." Appellant's Brief at 11.

They encourage liberality in evaluating a property description and argue that, given Christian's reference to property he co-owned with the DeRossetts, "it is possible that a finder of fact could conclude the description sufficient when only two parcels in existence meet that description." *Id.* at 12. Our Indiana Supreme Court has plainly stated, "It is a familiar rule, that the part of the deed describing the premises conveyed shall be construed with the utmost liberality." *Rucker v. Steelman*, 73 Ind. 396, 407 (1881). That said, nothing is left to a factfinder here. As a matter of law, a property description is required for a valid deed. The document signed by Christian stating his request that his name be removed from unspecified deeds or records does not contain any description to which the principle of liberal construction might be applied.

[16] The probate court properly concluded that the purported quitclaim deed, derivative of a document lacking a property description, was invalid. The Estate is entitled to summary judgment on this basis, and we need not address whether Christian was contractually proscribed, by the terms of the Will, from conveying any property inherited from his wife.

# Conclusion

[17] Summary judgment was properly granted to the Estate disposing of the DeRossetts's claim that they had been granted Christian's interest in the Waits Farm and the Mapes Farm.

[18] Affirmed.

Crone, J., and Altice, J., concur.